MINTZ LEVIN COHN FERRIS
 GLOVSKY AND POPEO, P.C.
Dominic J. Picca, Esq.
djpicca@mintz.com
The Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>J. RONALD TERWILLIGER, WILLIAM C. MACDONALD, JOSEPH S. TORG, AND CFP RESIDENTIAL, L.P.,<br><br>         Defendants. | Civil Case No.: 07cv8497 (DAB) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants J. Ronald Terwilliger, William C. MacDonald, Joseph S. Torg, and CFP Residential, L.P. (collectively the "TCR Guarantors"), through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Amended Complaint to Enforce Loan Guaranties (the "Complaint") filed by Plaintiff The Prudential Insurance Company of America ("Prudential"). Answers to each paragraph of the Complaint are made by the TCR Guarantors without waiving, but expressly reserving, all rights that they may have to seek relief by appropriate motions directed to the allegations of the Complaint. All allegations not specifically admitted are denied.

4303213v.1

## INTRODUCTION

1.     Paragraph 1 merely recounts Prudential's characterization of the case and, as such, does not require a response from the TCR Guarantors. To the extent that a response is required, the TCR Guarantors deny the allegations contained in Paragraph 1.

## PARTIES

2.     The TCR Guarantors are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted, except that the correct address is 2100 McKinney Avenue, Suite 700, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

7.     Admitted.

8.     Denied.

9.     The TCR Guarantors admit that they are subject to the Court's jurisdiction pursuant to the provisions cited, admit that Exhibit A to the Complaint is a true and correct copy of the Carveout Guaranty, but deny that Exhibit B to the Complaint is a true and correct copy of the Completion Guaranty as it is not fully executed. Except as admitted, denied.

## **FACTUAL ALLEGATIONS**

*Construction Of The Navy Yard Condominium Project*

10.  Admitted.

11.  The TCR Guarantors admit that the allegations contained in Paragraph 11 of the Complaint were true at the time Prudential's Complaint was filed. Except as admitted, denied.

12.  The TCR Guarantors admit that Prudential made the Mezzanine Loan to the Borrower under the terms set forth in the Mezzanine Loan Agreement, a true and correct copy of which was attached to the Complaint as Exhibit C. The TCR Guarantors further admit that the Mezzanine Loan is evidenced by the Note, a true and correct copy of which was attached to the Complaint as Exhibit D. The TCR Guarantors state that the Mezzanine Loan and Note are written documents, the terms of which speak for themselves. Except as admitted, denied.

13.  Admitted.

*The Carveout Guaranty*

14.  Admitted.

15.  The TCR Guarantors admit that the language set forth in Paragraph 15 of the Complaint accurately quotes Sections 2(a) and 2(b) of the Carveout Guaranty. Except as admitted, denied.

16.  The TCR Guarantors admit that the Carveout Guaranty is a written document, the terms of which speak for themselves. The TCR Guarantors further admit that Turner filed certain liens against the Project. Except as admitted, denied.

17.  The TCR Guarantors admit that the language set forth in Paragraph 17 of the Complaint accurately quotes Section 2(d) of the Carveout Guaranty. Except as admitted, denied.

*The Completion Guaranty*

18. Admitted.

19. The TCR Guarantors admit that the language set forth in Paragraph 19 of the Complaint accurately quotes Sections 2(a) and 2(b) of the Completion Guaranty. Except as admitted, denied.

20. The TCR Guarantors admit that the language set forth in Paragraph 20 of the Complaint accurately quotes a portion of Section 1 of the Completion Guaranty. Except as admitted, denied.

21. The TCR Guarantors admit that the language set forth in Paragraph 21 of the Complaint accurately quotes Section 2(d) of the Completion Guaranty. The TCR Guarantors further admit that, at the time of the filing of this lawsuit, the Turner lien remained on the Project. Except as admitted, denied.

*Guarantors' Express Consent To Injunctive Relief Under The Guaranties*

22. The TCR Guarantors admit that the language set forth in Paragraph 22 of the Complaint accurately quotes Sections 19 of the Carveout Guaranty and Completion Guaranty. Except as admitted, denied.

23. Admitted.

24. The TCR Guarantors admit that Sections 2(g) of the respective guaranties address the Guarantors' obligations with respect to "reasonable fees and disbursements of counsel incurred in enforcement of" the respective guaranties, and that Sections 14 state in part that the

4303213v.1

guaranties "shall be governed by and construed in accordance with the internal Laws of the State of New York." Except as admitted, denied.

25. Denied, as incomplete.

*Guarantors' Available Assets*

26. Denied, as incomplete.

27. The TCR Guarantors admit that the language set forth in Paragraph 27 of the Complaint accurately quotes Section 5 of each Guaranty. Except as admitted, denied.

*Events of Default Under The Senior and Mezzanine Loan Agreements*

28. The TCR Guarantors admit that the allegations contained in Paragraph 28 of the Complaint were true at the time Prudential's Complaint was filed. Except as admitted, denied.

29. The TCR Guarantors admit the allegations contained in the first two sentences of Paragraph 29 of the Complaint, but deny the allegations contained in the third sentence.

30. The TCR Guarantors admit that Eurohypo sent to the Owner a letter dated August 10, 2007 and a notice dated September 27, 2007, which are written documents, the terms of which speak for themselves. Except as admitted, denied.

31. The TCR Guarantors admit the allegations contained in the first two sentences of Paragraph 31 of the Complaint. The TCR Guarantors deny the allegations contained in the third sentence of Paragraph 31 of the Complaint, and further state that they have had numerous discussions with Prudential concerning its notices and their obligations to Prudential. The TCR Guarantors are without sufficient information to admit or deny the allegations contained in the fourth sentence of Paragraph 31 of the Complaint.

4303213v.1

32.     The TCR Guarantors admit that Prudential issued the September 7 Notice of Acceleration, a document that speaks for itself, and that Exhibit F to the Complaint is a true and correct copy of the September 7 Notice.  Except as admitted, denied.

33.     Denied.

34.     The TCR Guarantors admit that the Project required the completion of certain construction items known as Punch List Items at certain periods of time, but deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.     The TCR Guarantors admit that Prudential issued the September 7 Completion Guaranty Demand Notice, a document that speaks for itself, and that Exhibit G attached to the Complaint is a true and correct copy of that document.  Except as admitted, denied.

36.     The TCR Guarantors admit the allegations contained in the first sentence of Paragraph 36 of the Complaint, but deny the remaining allegations contained in Paragraph 36.

37.     Denied.  Further answering, the TCR Guarantors state that they have had numerous discussions with Prudential concerning its notices and their obligations to Prudential.

38.     The TCR Guarantors admit that Prudential issued the October 10 Carveout Guaranty Demand Notice, a document that speaks for itself, and that Exhibit H to the Complaint is a true and correct copy of that document.  Except as admitted, denied.

39.     Denied.  Further answering, the TCR Guarantors state that they have had numerous discussions with Prudential concerning its notices and their obligations to Prudential.

*The Turner Construction Lien On The Project*

40.     The TCR Guarantors admit the allegations contained in the first sentence of Paragraph 40 of the Complaint.  Further answering, the TCR Guarantors state that due to

4303213v.1

Europhypo's bad faith refusal to fund the Owner's July 2007 draw request, Turner was not paid for its work on the Project after July 2007. As a result, Turner filed a notice of contract in an attempt to establish a mechanic's lien on the Project. Except as admitted, denied.

41. The TCR Guarantors admit that on or about August 31, 2007, Turner filed a complaint in Suffolk Superior Court in Boston, MA and that Exhibit I to the Complaint is a true and correct copy of that document. The allegations contained in the complaint speak for themselves.

42. The TCR Guarantors admit that at the time this lawsuit was filed, multiple liens were placed on the Project. Except as admitted, denied.

*The Guarantors' Obligations Under The Guaranties*

43. Denied.

44. The TCR Guarantors admit that the Completion Guaranty and the September 7 Completion Guaranty Demand Notice are written documents, the terms of which speak for themselves. Except as admitted, denied.

### COUNT I
### Claim on the Carveout Guaranty

45. The TCR Guarantors hereby repeat and reallege their responses to the allegations contained in paragraphs 1 through 44 above.

46. The TCR Guarantors admit that the Carveout Guaranty is a written document, the terms of which speak for themselves. Except as admitted, denied.

47. The TCR Guarantors are without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Complaint given the vague nature of the allegations.

7

4303213v.1

48.     The TCR Guarantors admit that the Carveout Guaranty is a written document, the terms of which speak for themselves. Except as admitted, denied.

49.     Denied.

## COUNT II
### Claim For Specific Performance on the Completion Guaranty

50.     The TCR Guarantors hereby repeat and reallege their responses to the allegations contained in paragraphs 1 through 49 above.

51.     The TCR Guarantors admit that the Completion Guaranty is a written document, the terms of which speak for themselves. Except as admitted, denied.

52.     The TCR Guarantors are without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint given the vague nature of the allegations.

53.     The TCR Guarantors admit that the Carveout Guaranty is a written document, the terms of which speak for themselves. Except as admitted, denied.

54.     Denied.

55.     Paragraph 55 of the Complaint is simply a request for relief and does not contain any factual assertions requiring a response from the TCR Guarantors. To the extent that a response is required, the TCR Guarantors deny the allegations contained in Paragraph 55 of the Complaint.

## COUNT III
### Claim on the Guaranties
### Collection Costs

56.     The TCR Guarantors hereby repeat and reallege their responses to the allegations contained in paragraphs 1 through 55 above.

4303213v.1

57. The TCR Guarantors admit that the Guaranties are written documents, the terms of which speak for themselves. Except as admitted, denied.

58. The TCR Guarantors are without sufficient information to admit or deny the allegations contained in Paragraph 58 of the Complaint given the vague nature of the allegations.

59. The TCR Guarantors admit that the Guaranties are written documents, the terms of which speak for themselves. Except as admitted, denied.

### COUNT V(sic)
### Claim on the Guaranties
### The Guarantors' Continuing Obligations Under The Guaranties

60. The TCR Guarantors hereby repeat and reallege their responses to the allegations contained in paragraphs 1 through 59 above.

61. The TCR Guarantors admit that the Guaranties are written documents, the terms of which speak for themselves. Except as admitted, denied.

62. The TCR Guarantors are without sufficient information to admit or deny the allegations contained in Paragraph 62 of the Complaint given the vague nature of the allegations.

63. Denied.

64. The TCR Guarantors admit that the Guaranties are written documents, the terms of which speak for themselves. Except as admitted, denied.

### AFFIRMATIVE DEFENSES

The TRC Guarantors hereby assert the following affirmative defenses and reserve their right to assert in the future such additional defenses as may become available or apparent during discovery or through other pretrial proceedings. The assertion of any defense as an affirmative

4303213v.1

defense herein is not, and is not intended as, an admission that the TCR Guarantors have the burden of proof on any such defense or on any related element of the Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred based on the fact that it has received payment in full or in part.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, based on the facts and circumstances surrounding this Project, including but not limited to events leading up to Eurohypo's failure to fund, discussions that were had with respect to the performance of the Project, intervening acts of others for whom the TCR Guarantors are not responsible, and the fact that Plaintiff now owns the Project and has received equivalent value of all obligations it seeks in this proceeding.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine and/or defense of unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, latches and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The TCR Guarantors reserve the right, upon completion of their investigation and/or discovery, to assert such additional defenses, cross-claims or counterclaims as may be appropriate under the circumstances.

4303213v.1

WHEREFORE, the Defendant TCR Guarantors hereby pray as follows:

1. That the Court dismiss the Plaintiff's Complaint with prejudice, and award the Defendant TCR Guarantors their costs and attorneys' fees in defending this action; and

2. That the Court enter such other and further relief as it deems just and proper.

Dated: April 11, 2008
New York, New York

        MINTZ LEVIN COHN FERRIS
        GLOVSKY AND POPEO, P.C.

By:   s/ Dominic J. Picca
      Dominic J. Picca
      djpicca@mintz.com
The Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000

-and-

R. Robert Popeo
Timothy J. Langella
Joseph D. Lipchitz
One Financial Center
Boston, MA 02111
(617) 542-6000

*Attorneys for Defendants*

To: Christopher J. Garvey, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022

-and-

Anthony M. Feeherry
Brian H. Mukherjee
Goodwin Procter, LLP
Exchange Place
Boston, Massachusetts 02109

*Attorneys for Plaintiff*

4303213v.1